IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROLF C. HAGEN (USA) CORP.,

    Plaintiff,

v.

MARC WEISS COMPANIES, INC. and
WEISS ORGANICS, INC.,

    Defendants.

Civil Action No. 05-10047-WGY

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55(b)(2), Rolf C. Hagen (USA) Corp. ("Hagen") requests that the Court enter a default judgment against defendants (collectively "Weiss") for their failure to file an answer to the Complaint or otherwise appear in this trademark infringement and breach of contract action. Weiss has been defaulted (Docket #5), and Hagen now seeks entry of judgment in accordance with that default and with the facts set forth in the complaint that are deemed admitted by Weiss as a result of its default.

Hagen, founded in 1955, is a well known source of high quality pet supplies and does business in over a dozen countries. Compl. ¶ 6. Hagen has been using the mark CYCLE for bacterial biological filter supplements for aquariums in commerce since 1988, and has been using the mark CYCLEGUARD for aquarium filters in commerce since 1989. Id. ¶¶ 7, 9. Both marks are listed on the primary register of the United States Patent and Trademark Office, and both registrations have become incontestable pursuant to 15 U.S.C. § 1065. Id. ¶¶ 7-12.

In 1998, Hagen became aware that Weiss was using the confusingly similar mark CYCLE VITAL for an aquarium additive, and demanded that Weiss cease using the mark. Id.

¶¶ 14-15. Weiss agreed to stop using the mark, and stated in a letter to Hagen that it would "immediately discontinue use of the word Cycle in identifying its products and as part of a trademark for its products, [refrain] from its use in packaging and promotional material and [destroy] all such packaging and material on hand." Id. ¶ 16.

Recently, however, Weiss started using the mark CYCLE BOOST for an aquarium additive, violating its promise to refrain from using the word CYCLE in identifying its products and also infringing Hagen's registered trademarks. Id. ¶ 17. Hagen attempted to contact Weiss demanding it cease infringing Hagen's trademark, to which it received no response. Id. ¶ 18. Consequently, on January 7, Hagen filed this action for trademark infringement and breach of Weiss's agreement to "discontinue use of the word Cycle in identifying its products." Hagen served the Weiss defendants with the Complaint on January 15 and January 17. (Docket Items #1, #3, #4). Weiss is well aware of the pendency of this case. Indeed, it contacted Hagen to discuss the matter on several occasions; but has failed or refused to respond to the complaint.

The defendants never appeared or otherwise responded to the Complaint, and the Court has entered their default. (See Docket Item #5.) Accordingly, Hagen moves for entry of a default judgment having two parts: (1) a permanent injunction against Weiss engaging in any further infringement of Hagen's registered trademarks; and (2) damages in an amount to be determined at a hearing scheduled for that purpose.

A permanent injunction is a standard remedy for trademark infringement. See PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002). Here, trademark infringement is established as a matter of law by the default. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Consequently, entry of the injunction is appropriate. A proposed form of injunction is attached hereto.

2

Damages are also an appropriate remedy in trademark cases where, as here, the defendants have sold product under the infringing mark. See <u>Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd.</u>, 282 F.3d 23 (1st Cir. 2002) (awarding plaintiff 100% of defendant's profits from product sold under infringing mark). Because discovery will be needed to determine the amount of such damages, Hagen respectfully requests that the hearing on the amount of damages be scheduled for a date at least sixty (60) days from allowance of the injunction so that Hagen may take such discovery as may be needed to establish the quantum of damages. See <u>Quizno's Corp. v. Makda</u>, 2002 WL 32157010 (N.D. Tex. 2002) (prevailing plaintiff in default case entitled to discovery on damages prior to final judgment on damages).

## **CONCLUSION**

A default judgment should enter against Weiss pursuant to Rule 55(b)(2), and the Court should enter the attached proposed permanent injunction. Further, the Court should hold a hearing on the amount of damages and other relief to be awarded after allowing plaintiff a reasonable time such as sixty (60) days to take discovery directed to the issue of damages.

Dated: July 20, 2005

Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646.8000 Phone
(617) 646.8646 FAX

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLF C. HAGEN (USA) CORP., <br><br> Plaintiff, <br><br> v. <br><br> MARC WEISS COMPANIES, INC. and WEISS ORGANICS, INC., <br><br> Defendants. | Civil Action No. 05-10047-WGY |

### [PROPOSED] **PERMANENT INJUNCTION ORDER**

IT IS HEREBY ORDERED THAT:

Marc Weiss Companies, Inc. and Weiss Organics, Inc., and its officers, directors, agents, servants, employees, attorneys, representatives, affiliates, subsidiaries, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them, are hereby permanently enjoined from using any trademark incorporating the word CYCLE or any other confusingly similar trademark, on or in connection with any goods, services, advertisements, websites, publicity materials, or otherwise, and are furthermore ordered to collect, recall and arrange for the destruction of all products, packaging, promotional materials, or advertising bearing any mark incorporating the word CYCLE.

ORDERED THIS _____ day of July, 2005.    _____
                                          United States District Court