IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLF C. HAGEN (USA) CORP.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARC WEISS COMPANIES, INC. and<br>WEISS ORGANICS, INC.,<br><br>　　　　Defendants. | Civil Action No. 05-10047-WGY |

## PERMANENT INJUNCTION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's request for a permanent injunction enjoining Defendants from using the marks CYCLE, CYCLE BOOST, CYCLEGUARD, or any colorable imitation thereof, or any similar mark which incorporates or is likely to cause confusion with the mark CYCLE.

THE COURT FINDS, ORDERS AND ADJUDGES AS FOLLOWS:

1.　　This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2.　　This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, and venue in this District is proper.

3.　　Plaintiff is the owner of the trademark CYCLE, which it has been using for seventeen years across the United States, including in Florida, and for which Plaintiff has a registration on the Principal Register of the United States Patent and Trademark Office, dating back to 1990.

4.　　Plaintiff is the owner of the trademark CYCLEGUARD, which it has been using for sixteen years across the United States, including in Florida, and for which Plaintiff has a

registration on the Principal Register of the United States Patent and Trademark Office, dating back to 1990.

5. Plaintiff's aforementioned registrations for the CYCLE and CYCLEGUARD trademarks are incontestable pursuant to 15 U.S.C. § 1065.

6. Plaintiff's CYCLE and CYCLEGUARD trademarks are valid and enforceable.

7. Defendants have infringed Plaintiff's rights in the CYCLE and CYCLEGUARD trademarks by using a colorable imitation thereof on in connection with goods substantially identical to those provided by Plaintiff under the CYCLE and CYCLEGUARD trademarks, as well as those listed in Plaintiff's federal trademark registrations for the CYCLE and CYCLEGUARD trademarks. Defendants' unauthorized uses of the mark CYCLE BOOST constitute false designations of origin and are likely to cause confusion among consumers.

8. The allegations of the Complaint are true and accurate, and Plaintiff has demonstrated a probability of prevailing on its claims.

9. Defendants' unauthorized use of the CYCLE and CYCLEGUARD trademarks is causing irreparable harm to Plaintiff warranting injunctive relief.

10. The irreparable harm to Plaintiff from Defendants' conduct outweighs any inconvenience that Defendants will experience from being required to stop using the mark CYCLE BOOST.

11. The public interest favors entry of a permanent injunction in this case.

WHEREFORE, IT IS HEREBY ORDERED as follows:

A. Plaintiff's Motion For A Permanent Injunction is GRANTED.

B.   Defendants and their officers, directors, agents, servants, employees, attorneys, representatives, affiliates, subsidiaries, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them, are hereby permanently enjoined from using the marks CYCLE, CYCLEGUARD, and CYCLE BOOST, or any colorable imitation thereof, or any similar mark, or any mark that incorporates or is likely to cause confusion with Plaintiff's CYCLE and CYCLEGUARD trademarks.

C.   Defendants are directed to immediately stop all use of the CYCLE BOOST mark, including on their store, website, corporate name, marketing materials, and otherwise.

D.   Breach of this Order is actionable under the applicable contempt power of the Court.

IT IS SO ORDERED AND DECREED, AND A PERMANENT INJUNCTION IS HEREBY ENTERED, THIS  5TH  day of September, 2005.

*William G. Young*
William G. Young
United States District Judge
District of Massachusetts